THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COGNIZANT WORLDWIDE LIMITED and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Plaintiffs,<br>v.<br><br>BARRETT BUSINESS SERVICES INC.,<br><br>Defendant. | CASE NO. C19-1848-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs Cognizant Worldwide Limited and Cognizant Technology Solutions U.S. Corporation's (collectively, "Cognizant") objections (Dkt. No. 77) to the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 73). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Cognizant's objections, APPROVES and ADOPTS the report and recommendation, and GRANTS in part and DENIES in part Cognizant's motion to dismiss Defendant Barrett Business Services Inc.'s ("BBSI") counterclaims (Dkt. No. 58) for the reasons explained herein.

I.      BACKGROUND

Judge Peterson's report and recommendation set forth the underlying facts of this case, and the Court will not repeat them here except as relevant. (*See* Dkt. No. 73 at 2–5.) According

to the counterclaims, BBSI began discussions with Oracle in June 2017 to determine if Oracle's HCM Cloud software would be a suitable purchase for its needs. (Dkt. No. 54 at 15.) Shortly thereafter, BBSI met with KBACE, Cognizant's subsidiary, which presented itself as capable of implementing Oracle's technology for BBSI. (*Id.* at 16.) BBSI alleges that in August 2017, KBACE informed BBSI that KBACE had previous experience implementing the software and could do so for BBSI. (*Id.*) KBACE merged with Cognizant in December 2017, and Cognizant assumed all of KBACE's responsibilities and liabilities. (*Id.* at 12.) BBSI later learned that KBACE had no experience implementing such software. (*Id.* at 20). BBSI brings seven counterclaims against Cognizant. (*See* Dkt. No. 54 at 25–32.)

Cognizant moves to dismiss BBSI's counterclaims. (Dkt. No. 58). Judge Peterson recommends that Cognizant's motion be granted in part and that BBSI's counterclaims for breach of the Statement of Work ("SOW") and rescission with regard to the Cloud Services Agreement ("CSA") be dismissed and BBSI be granted leave to amend. (*See* Dkt. No. 73 at 8, 12, 22.) Judge Peterson further recommends that Cognizant's motion to dismiss be denied as to the remainder of BBSI's counterclaims. (*See id.* at 15, 18, 21–22.) Cognizant timely filed objections to the report and recommendation. (Dkt. No. 77.) BBSI filed a response to those objections. (Dkt. No. 79.)

## II. DISCUSSION

### A.  Legal Standard

A district court reviews *de novo* the portions of a report and recommendation to which a party makes objections. *See* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommendations; receive further evidence; or return the matter to the magistrate judge with further instructions. *Id.* Objections must enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect of no objection at all because the district court's attention is not focused on

any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In order for a claim to overcome a Rule 12(b)(6) motion to dismiss, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Claims have facial plausibility if a party pleads factual content that "allows the Court to draw the reasonable inference that [the opposing party] is liable for the misconduct alleged." *Twombly*, 556 U.S. at 556. "The plausibility standard is not akin to a probability requirement, but it asks for more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, while a court will accept all material allegations in a counterclaim as true, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. Los Angeles* County, 487 F.3d 1246, 1249 (9th Cir. 2007).

**B.     Cognizant's Objections**

1. <u>KBACE's Alleged Misrepresentations</u>

Judge Peterson found that BBSI plausibly alleged that Cognizant made misrepresentations regarding a past or existing fact when KBACE overstated its past and current experience in implementing such cloud software products. (*See* Dkt. Nos. 73 at 14, 77 at 4.) Cognizant argues it should not be held liable for KBACE's alleged misrepresentations because KBACE was not a party to the contract. (Dkt. No. 77 at 3–4.) Cognizant also claims there was no misrepresentation of qualifications or experience because Cognizant was to conduct the work specified in the SOW, not KBACE. (*Id.* at 4.)

In its first amended complaint, Cognizant defines "Cognizant" to include KBACE,

1  specifying that "[t]he term 'Cognizant,' as used in this Complaint, includes KBACE
2  Technologies, Inc." (Dkt. No. 68 at 3.) In its motion to dismiss, Cognizant similarly specifies
3  that the Plaintiffs in this action include KBACE. (*See* Dkt. No. 58 at 3 n.2) ("As used herein, the
4  term 'Cognizant' includes KBACE Technologies, Inc.").

5  In its counterclaims, BBSI alleges that when Cognizant and KBACE merged, Cognizant
6  assumed all of KBACE's responsibilities and liabilities. (Dkt. No. 54 at 12.) BBSI alleges that it
7  entered into a SOW with Cognizant based upon KBACE's representations that it had the
8  experience and qualifications necessary to implement the technology within a specified period of
9  time and price range. (Dkt. No. 54 at 5, 19, 31.) BBSI further alleges it entered into a CSA with
10 Oracle and into the contracts with Cognizant based on those misrepresentations, and that it
11 would not have done so had it known of KBACE's inexperience. (Dkt. No. 54 at 26.) Thus,
12 BBSI had plausibly alleged facts supporting an inference that Cognizant is liable for
13 misrepresentations by KBACE. *See Twombly*, 556 U.S. at 556. Accordingly, Cognizant's
14 objections are OVERRULED on this ground.

15          2.  Justifiable Reliance

16 Judge Peterson concluded that BBSI sufficiently pleaded that it justifiably relied on
17 KBACE's alleged misrepresentations overstating its expertise in implementing cloud products
18 with professional employer organizations. (Dkt. No. 73 at 18.) Judge Peterson therefore
19 recommends denying Cognizant's motion to dismiss counterclaims one through six. (*Id.*) The
20 report and recommendation observes that "[a]t a minimum, questions remain regarding
21 Cognizant's knowledge and intent at the time of the alleged misrepresentations, BBSI's
22 knowledge or lack thereof, and any due diligence pursued by BBSI." (*Id.*)

23 For a party to claim fraudulent misrepresentation, that party must allege that it reasonably
24 relied on the alleged misrepresentation. *See Eternity Global Master Fund Ltd. v. Morgan Guar.*
25 *Trust Co. of N.Y.*, 375 F.3d 168, 186-87 (2d Cir. 2004); *Lawyers Title Ins. Corp. v. Baik*, 55 P.3d
26 619, 623 (Wash. 2002). Justifiable reliance is reliance that is reasonable under the surrounding

ORDER
C19-1848-JCC
PAGE - 4

circumstances. *See Lawyers Title Ins. Corp.*, 55 P.3d. at 623. Circumstances that may preclude a claim of justifiable reliance include a party's experience and sophistication with the subject matter and the specificity of a disclaimer. *Puget Sound Nat'l Bank v. McMahon*, 330 P.2d 559, 561 (Wash. 1958); *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLV*, 10 F.Supp.3d 504, 517 (S.D.N.Y. 2014). But a disclaimer is insufficient to defeat a claim justifiable reliance when the disclaimer is not sufficiently specific to the particular facts misrepresented, even if the relying party is a sophisticated party. *See Abrams v. Blackstone and Sons Realty Capital Corp.*, 2019 WL 8640656, slip. op. at 13 (C.D. Cal. 2019). Whether reliance is justifiable is generally a question of fact. *Havens v. C. & D. Plastics, Inc.*, 876 P.2d 435, 447 (Wash. 1994); *Country World, Inc. v. Imperial Frozen Foods Co.*, 589 N.Y.S.2d 81, 82 (2d Dep't 1992).

  Cognizant objects to the report and recommendation's conclusion regarding justifiable reliance, arguing that the disclaimer in Section 8 of the MSA clearly relieves Cognizant from liability for representations about the fitness or quality of service, including its experience. (Dkt. No. 77 at 6–7). The MSA's disclaimer clause disclaims "any representation or warranty or condition of any kind, whether such representation or warranty or condition be express or implied, including any warranty of merchantability, quality, or fitness for a particular purpose." (Dkt. No. 68-1 at 8.) The MSA's merger clause provides that the MSA and "all Statement of Works attached hereto constitute the complete and exclusive statement of the agreement between the Parties and supersedes all proposals, oral or written, and all other prior or contemporaneous communications . . . relating to the subject matter herein." (*Id.* at 10.) Cognizant argues that, based on the MSA's disclaimer and merger clauses, BBSI expressly agreed to not rely on any representations made by Cognizant. (Dkt. No. 58 at 16.)

  In support of its motion to dismiss, Cognizant argues that the weight of authority on prior or contemporaneous disclaimers of liability, including *Hitachi Data Systems Credit Corp. v. Precisions Discovery, Inc.*, 331 F. Supp. 3d 130 (S.D.N.Y. 2018), indicates that the disclaimer at issue is enforceable. (*See* Dkt. No. 66 at 5.)  In *Hitachi*, the disclaimer specifically stated that the

plaintiff made no representations about suitability of equipment, and therefore the defendant could not reasonably rely upon such a representation. *Id.* at 148. However, unlike *Hitachi*, BBSI has alleged that Cognizant misrepresented its own experience and ability. (Dkt. No. 77 at 7.) Here, the MSA disclaimer does not clearly disclaim liability for BBSI relying upon KBACE's representations of qualifications and experience. (*See* Dkt. No. 68 at 8); *Abrams*, 2019 WL 8640656, slip. op. at 13. Furthermore, because BBSI has plausibly alleged that Cognizant's alleged misrepresentation about experience with and ability to implement the technologies were peculiarly within Cognizant's knowledge, a disclaimer could not relieve liability for such a misrepresentation. *See PMC Aviation 2012-1 LLC v. Jet Midwest Grp. LLC*, 2016 WL 3017763, slip op. at 7 (N.Y.S.C. May 25, 2016); *Jenness v. Moses Lake Development Co.*, 234 P.2d 865, 868 (1951).

Because justifiable reliance is a fact-intensive determination, BBSI may ultimately be unable to put forth evidence to establish this element of its counterclaims. *See C. & D. Plastics, Inc.*, 876 P.2d at 447. But accepting the allegations in the counterclaim as true and providing BBSI with the benefit of every possible inference, the Court finds BBSI has sufficiently pleaded justifiable reliance upon the alleged misrepresentations overstating experience and expertise in implementing the software. *See Manzarek*, 519 F.3d at 1031. Therefore, Cognizant's objections are OVERRULED on this ground.

      3. <u>Independent Duty</u>

Cognizant argues BBSI's counterclaims two, three, five, and six for negligent misrepresentation, innocent misrepresentation, and negligence must be dismissed because BBSI has not alleged that Cognizant owed a specific duty of care. (Dkt. No. 58 at 18.) Cognizant claims that these counterclaims are therefore barred by the doctrines of economic loss and independent duty. (*Id.* at 19.) Judge Peterson concluded that it was inappropriate to apply either doctrine. (*See* Dkt. No. 73 at 20–21.)

To establish a claim of negligence, a party must show there existed a duty, a breach of

ORDER
C19-1848-JCC
PAGE - 6

that duty, and that the breach caused harm. *Jackson v. City of Seattle*, 244 P.3d 425, 428 (Wash. Ct. App. 2010). A negligence claim that does not establish a duty that is independent of any contractual obligations is barred by Washington's independent duty doctrine. *Elcon Const., Inc. v. Eastern Wash. Univ.*, 273 P.3d 965, 969 (Wash. 2012). However, the Washington Supreme Court has held the independent duty doctrine does not bar claims of negligent misrepresentation and fraud. *See Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1262 (Wash. 2010). And while New York's economic loss doctrine generally precludes claims of negligence, an exception exists when a party owes an independent duty. *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F.Supp.3d 392, 397 (S.D.N.Y. 2018).

BBSI has plausibly alleged Cognizant made misrepresentations that induced BBSI to enter into the SOW when Cognizant said it was experienced in implementing such technologies. (Dkt. No. 54 at 26.) Because the independent duty doctrine does not generally bar negligent or fraudulent misrepresentation claims, the Court will not apply the doctrine here. And it would be premature to apply the economic loss doctrine because BBSI has plausibly alleged that Cognizant undertook to advise BBSI as to the cloud software, giving rise to an independent duty. (*See* Dkt. No. 54 at 16–18.) Therefore, Cognizant's objections are OVERRULED on this ground.

4. Leave to Amend

Cognizant argues that Judge Peterson's report and recommendation erred in recommending that the Court permit BBSI a second opportunity to amend its answer and counterclaims. (Dkt. No. 77 at 12.) A party may amend an answer within 21 days of serving the original answer. Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend prior to trial should be "freely give[n]… when justice so requires." *Id*. Factors relevant to whether leave to amend should be granted include whether the moving party has acted in bad faith or has unduly delayed, whether the opposing party will be prejudiced, whether the amendment would be futile, and whether the moving party has previously amended

the pleading. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, there is no evidence of bad faith or undue delay by BBSI or of prejudice to Cognizant. The discovery deadline is not until January 2021, and trial is scheduled for June 1, 2021. BBSI has amended its answer and counterclaims only once, (*see* Dkt. No. 54), and it argues that those changes were primarily to its answer. (*See* Dkt. No. 62 at 28.)

Cognizant primarily objects that it would be futile to permit BBSI to amend. (*See* Dkt. No. 77 at 12–13.) Cognizant argues that there are no additional facts that BBSI can allege to establish breach of contractual obligations. (*Id.*). However, Cognizant neither identifies how it would be prejudiced if BBSI was to be granted leave to amend nor demonstrates that BBSI could not cure the deficiencies in its counterclaims by alleging additional facts. Based on the present record, the Court cannot conclude that amendment would be futile. *See Corinthian Colleges*, 655 F.3d at 995. Therefore, the Court finds it appropriate to grant leave to amend. Accordingly, Cognizant's objections are OVERRULED on this ground.

## III.  CONCLUSION

For the foregoing reasons, the Court FINDS and ORDERS as follows:

1. Cognizant's objections to the report and recommendation (Dkt No. 77) are OVERRULED;
2. The report and recommendation (Dkt. No. 73) is APPROVED and ADOPTED;
3. BBSI's counterclaims for breach of the SOW and rescission with regard to the CSA are DISMISSED, and BBSI is GRANTED leave to amend. BBSI's amended counterclaims must be filed no later than September 11, 2020;
4. Cognizant's motion to dismiss (Dkt. No. 58) is DENIED as to the remaining counterclaims; and
5. The Clerk is DIRECTED to send copies of this order to the parties and to Judge Peterson.

//

1     DATED this 31st day of August 2020.

                                                      John C. Coughenour
                                                      UNITED STATES DISTRICT JUDGE