THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COGNIZANT WORLDWIDE LIMITED and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>BARRETT BUSINESS SERVICES INC.,<br><br>Defendant. | CASE NO. C19-1848-JCC<br><br>ORDER |

This matter comes before the Court on Cognizant Worldwide Limited and Cognizant Technology Solutions U.S. Corporation's (collectively "Cognizant") and Barrett Business Services Inc.'s ("BBSI") objections (Dkt. Nos. 93, 95) to the second report and recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 89), regarding Cognizant's motion to dismiss (Dkt. No. 84) BBSI's Second Amended Counterclaims ("SAC") (Dkt. No. 83). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES the parties' objections, APPROVES and ADOPTS the R&R, and GRANTS in part and DENIES in part Cognizant's motion to dismiss for the reasons explained herein.

## I.  BACKGROUND

The Court previously entered an order (Dkt. No. 80) adopting Judge Peterson's first R&R dismissing BBSI's breach of contract and a portion of its rescission counterclaims (Dkt. No. 73). BBSI then filed its SAC (Dkt. No. 83). The SAC includes additional allegations supporting BBSI's breach of contract counterclaim, supporting its rescission counterclaim regarding BBSI's agreement with Oracle, and bolstering its misrepresentation claim. (*See generally* Dkt. Nos. 83, 84-2.) Cognizant again moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 58). The second R&R, much like the first, recommends that Cognizant's motion be granted in part in that BBSI's breach of contract claim be dismissed and its rescission counterclaims, at least as they relate to Cognizant's agreement with Oracle, be dismissed. (*See* Dkt. No. 89 at 25.) The second R&R recommends that the remaining counterclaims survive.[1] (*Id.*)

Both Cognizant and BBSI filed objections to the second R&R (Dkt. Nos. 93, 94). Cognizant objects to Judge Peterson's recommendation not to dismiss BBSI's misrepresentation counterclaim, and BBSI objects to Judge Peterson's recommendation to dismiss its breach of contract counterclaim. (*See generally* Dkt. Nos. 93, 94.) Judge Peterson's first and second R&Rs, and the Court's prior order adopting the first R&R, set forth the underlying facts of this case. (*See* Dkt. Nos. 73 at 2–5, 80 at 1–2, 89 at 2–5.) The Court will not repeat them here.

## II.  DISCUSSION

### A.  Legal Standard

A dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

---

[1] This time Judge Peterson recommended that the portion of the misrepresentation counterclaim regarding statements allegedly made by Cognizant about Oracle's HCM Cloud system's capabilities be allowed to survive. (*See* Dkt. No. 89 at 15–17.) This is in addition to allowing the portion of the counterclaim regarding statements allegedly made regarding Cognizant's experience in working with BBSI's peer organizations. (*Id.*)

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In order for a counterclaim to overcome a Rule 12(b)(6) motion to dismiss, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court accepts factual allegations in a counterclaim as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Claims have facial plausibility if a party pleads factual content that "allows the Court to draw the reasonable inference that [the opposing party] is liable for the misconduct alleged." *Twombly*, 556 U.S. at 556. "The plausibility standard is not akin to a probability requirement, but it asks for more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, while the Court will accept all material allegations in a counterclaim as true, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. Los Angeles* County, 487 F.3d 1246, 1249 (9th Cir. 2007).

When considering objections to an R&R, the Court reviews *de novo* only those portions of an R&R to which a party timely objects. *See* Fed. R. Civ. P. 72(b)(3). Otherwise, the Court is free to accept, reject, or modify the resulting recommendations; receive further evidence; or return the matter to the magistrate judge with further instructions. *Id.* Objections must enable the Court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

**B.     Cognizant's Objections**

Cognizant asserts the second R&R erred in concluding that BBSI's misrepresentation counterclaim was adequately pled. (Dkt. No. 93 at 2.) Cognizant argues the alleged statements upon which the misrepresentation counterclaim is based represent performance-based opinions—not actionable fact-based statements. (*Id.* at 4–6.) Cognizant also takes issue with Judge Peterson's determination that BBSI sufficiently alleged justifiable reliance on these alleged statements. (*Id.* at 7–13.)

1. Performance-Based Misrepresentations

Judge Peterson concluded that BBSI plausibly alleged Cognizant made fact-based misrepresentations regarding the capabilities of Oracle's HCM Cloud system before entering into the parties' Statement of Work ("SOW").[2] (Dkt. No. 89 at 13–16.) Cognizant argues this was error because BBSI's allegations are, simply, implausible, likening them to a mechanic opining on the condition of a car before doing a pre-purchase inspection. (Dkt. No. 93 at 3.) The analogy is neither apt nor persuasive. A mechanic is not familiar with the mechanical faults of a particular car prior to inspecting it, whereas BBSI plausibly alleged that Cognizant represented itself to be intimately familiar with Oracle's products. (Dkt. No. 83 at 8–14.) BBSI also alleged that it provided Cognizant a detailed list of its functional requirements, and Cognizant represented to BBSI that Oracle's system could meet those requirements *before* Cognizant began to perform under the SOW. (Dkt. No. 83 at 7–8, 10–13.)

Judge Peterson concluded that, even if Cognizant's alleged statements were opinions and not fact-based statements, BBSI still alleged a colorable misrepresentation claim because the opinions were allegedly made without care or concern regarding their accuracy. (Dkt. No. 89 at 16–17.) Cognizant argues this is a misapplication of *Markov*. (Dkt. No. 93 at 4–5 (citing *Markov v. ABC Transfer & Storage Co.*, 457 P.2d 535, 539 (Wash. 1969).) The Court disagrees. BBSI's allegations suggest sufficiently definitive statements by Cognizant, which BBSI allegedly wholly relied on. (*See* Dkt. No. 83 at 10–13.) This is sufficient to meet the standard articulated in *Markov*.

Cognizant also argues that, regardless of how the statements are characterized, they were made by Oracle—who is not a party in this matter—not Cognizant. (Dkt. No. 93 at 2, 6.) This

---

[2] Cognizant attached a copy of the SOW to its original complaint, (Dkt. No. 68-2), BBSI refers to it throughout the SAC, (*see, e.g.*, Dkt. No. 83 at 16, 17, 34), and neither party has questioned its authenticity. Accordingly, the Court can consider this document without converting Cognizant's motion to one seeking summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

distorts the SAC, which describes Oracle and Cognizant's responses to its functional requirements questions as "joint answers." (Dkt. No. 83 at 12–13.)

Finally, Cognizant suggests that the SAC fails to meet Rule 9(b)'s particularity requirement. (Dkt. No. 93 at 6–7.) This objection is without merit. The SAC clearly satisfies Rule 9(b)'s requirements. (*See* Dkt. No. 83 at 12–13, 18–19.)

### 2. Justifiable Reliance

To plead a claim for misrepresentation, even if it plausibly alleges that otherwise-actionable statements occurred, BBSI must also allege facts supporting the notion that it reasonably relied on those statements; this is true regardless of whether New York or Washington law applies to this matter.[3] *See LBBW Luxemburg S.A. v. Wells Fargo Securities LLC*, 10 F. Supp. 3d 504, 514 (S.D.N.Y. 2014); *Lawyers Title Ins. Corp. v. Baik*, 55 P.3d 619, 624 (Wash. 2002). Judge Peterson concluded that the SAC adequately established this element. (Dkt. No. 89 at 18–24.) Cognizant argues this was error. (Dkt. No. 93 at 7.) Specifically, Cognizant argues Judge Peterson misapplied relevant caselaw in assessing the import of the Master Services Agreement's ("MSA")[4] disclaimer provision, § 8.3; erroneously concluded that the allegations contained in the SAC were sufficient to demonstrate BBSI's diligence; and misapplied relevant caselaw regarding BBSI's failure to include protective language in the parties' agreements. (*Id.* at 7–13.)

As to the import of the parties' disclaimer provision, § 8.3, Cognizant suggests *Hitachi* should control. (*See id.* at 7–10 (citing *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130 (S.D.N.Y. 2018).) But the agreements between BBSI and Cognizant

---

[3] The Court need not address this issue to consider the parties' objections to the second R&R.

[4] Cognizant attached a copy of the MSA to its original complaint, (Dkt. No. 68-1), BBSI refers to it throughout the SAC, (*see, e.g.*, Dkt. No. 83 at 16, 17, 34), and neither party has questioned its authenticity. Accordingly, the Court can consider this document without converting Cognizant's motion to one seeking summary judgment. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

are not analogous to those in *Hitachi*. Moreover, the overwhelming body of evidence *does not* suggest that a generic disclaimer, lacking in specificity, like the one in the MSA, is sufficient to defeat BBSI's counterclaims. *See, e.g.*, *Trainum v. Rockwell Collins, Inc.*, 2017 WL 2377988, slip op. at 15 (S.D.N.Y. May 31, 2017), *aff'd*, 765 F. App'x. 514 (2d Cir. 2019); *Loreley Financing (Jersey) No. 3 Ltd. v. Citigroup Glob. Markets Inc.*, 119 A.D.3d 36, 143 (N.Y. App. 2014); *P.T. Bank C. Asia v. ABN AMRO Bank N.V.*, 301 A.D.2d 373, 375 (N.Y. App. 2003). This is particularly true given the SAC's allegation that the suitability of Oracle's software was information uniquely within Cognizant's knowledge. (*See* Dkt. No. 83 at 10–11.)

   Cognizant next asserts that, for BBSI to demonstrate the diligence necessary to support an allegation of justifiable reliance, it had to hire a consultant to essentially do the same thing it hired Cognizant to do: assess the suitability of Oracle's HCM Cloud system to its needs. (Dkt. No. 93 at 11–12.) This ignores BBSI's allegations that this information was exclusively held by Cognizant. (*See* Dkt. No. 83 at 10–11.) BBSI would have *no reason to know* that an independent investigation of Cognizant's pre-SOW representations was required. *See Douglas N.W., Inc. v. Bill O'Brien & Sons Const., Inc.*, 828 P.2d 565, 577 (Wash. App. 1992); *Trainum*, 2017 WL 2377988, slip op. at 16–17.

   Finally, BBSI had no duty to include the protective language that Cognizant suggests was required until BBSI was on "notice that it had received false or incomplete information." *Meisel v. Grunberg*, 521 F. App'x. 3, 7 (2d Cir. 2013).

   Fundamentally, justifiable reliance is a fact-intensive determination. *Havens v. C. & D. Plastics, Inc.*, 876 P.2d 435, 447 (Wash. 1994); *Country World, Inc. v. Imperial Frozen Foods Co.*, 186 A.D.2d 781, 782 (N.Y. App. 1992). While BBSI may ultimately fail to put forth sufficient evidence to demonstrate this element of its counterclaim, it is premature to dismiss the counterclaim now, given the allegations in the SAC.

   Accordingly, Cognizant's objections to the second R&R are OVERRULED.

C. **BBSI's Objections**

BBSI asserts that the second R&R erred in dismissing BBSI's breach of contract counterclaim. (Dkt. No. 94 at 1–2.) It concedes that the SAC does not include allegations supporting the conclusion that it complied with the deficiency notification provisions contained within both the SOW and the MSA. (*See generally* Dkt. No. 94.) But it argues that substantial compliance is sufficient and that the allegations in the SAC meet this bar. (Dkt. No. 94 at 4–6.) It further argues that, regardless, the deficiencies it identified in Cognizant's performance fell outside of the SOW's definition of a "deliverable" and, as a result, the deficiency notification provisions do not apply. (Dkt. No. 94 at 6–8.)

BBSI's arguments are unpersuasive. First, regardless of whether New York or Washington law applies, strict compliance with the SOW and MSA's deficiency notification provisions was required, both as to form and timing. *See Mike M. Johnson, Inc. v. County of Spokane*, 78 P.3d 161, 162 (Wash. 2003) ("We hold that 'actual notice' is not an exception to compliance with mandatory contractual protest and claim provisions."); *Kollatz v. KOS Bldg. Group, LLC*, 188 A.D.3d 1175, 1178 (N.Y. App. 2020) (requiring strict compliance with warranty provisions). The SAC does not allege BBSI strictly complied—this is fatal to the breach of contract claim. (*See generally* Dkt. No. 83.) Second, the provision in the MSA covered "*any* Deliverable or *Services*," (Dkt. No. 68-1 at 7 (emphasis added).) BBSI fails to establish why all of the allegedly deficient work Cognizant performed, or not performed, is not covered by the notification provision, given its broad scope. Accordingly, BBSI's objections to the second R&R are OVERRULED.

Lastly, BBSI seeks leave to again amend its counterclaims to cure the deficiencies noted above. But BBSI has had already had multiple opportunities to amend its counterclaims. (*See* Dkt. Nos 47, 54, 83). Despite these attempts, it has been unable to cure the deficiencies noted in the first and second R&R's. (*See* Dkt. Nos. 73 at 7–8, 89 at 6–9.) Moreover, given the undisputed language contained within the MSA and SOW, any further amendment appears futile.

*See W.C. by and through Chang v. Rowland Unified Sch. Dist.*, 769 F. App'x. 471, 472 (9th Cir. 2019). Therefore, leave to amend is DENIED.

### III.  CONCLUSION

For the foregoing reasons, the Court FINDS and ORDERS as follows:

1. Cognizant's objections to the second R&R (Dkt No. 93) are OVERRULED;
2. BBSI's objections to the second R&R (Dkt. No. 94) are OVERRULED;
3. Judge Peterson's second R&R (Dkt. No. 89) is APPROVED and ADOPTED;
4. Cognizant's motion to dismiss BBSI's SAC (Dkt. No. 84) is GRANTED in part and DENIED in part: BBSI's counterclaims for breach of contract of the SOW and rescission of the agreement between Oracle and BBSI are DISMISSED. The remaining counterclaims survive.
5. The Clerk is DIRECTED to send a copy of this order to Judge Peterson.

DATED this 27th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE